# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

**DENIS SCHEXNAYDER, JR.**                      **CIVIL ACTION**

**VERSUS**                                      **NO: 19-11773**

**HUNTINGTON INGALLS INC. ET AL.**              **SECTION: "H"(1)**


## ORDER AND REASONS

Before the Court is Plaintiff's Motion to Remand (Doc. 33). For the following reasons, the Motion is **GRANTED**.

## BACKGROUND

Plaintiff Denis Schexnayder filed suit in Orleans Parish Civil District Court on May 22, 2019 against various defendants, including Huntington Ingalls Incorporated (hereinafter referred to as "Avondale"), alleging that he contracted lung cancer as a result of exposure to asbestos. Plaintiff alleges that he was exposed to asbestos from Avondale shipyards in two ways. First, Plaintiff's father worked at Avondale shipyard and wore his asbestos-contaminated clothes home. Second, Plaintiff worked for two summers at Avondale shipyard. Plaintiff and his father performed work at Avondale

1

pursuant to contracts between Avondale and the United States government for the construction of vessels. These contracts included requirements that Avondale use asbestos-containing materials. Plaintiff claims that Avondale failed to warn him of the dangers of asbestos or provide him or his father with adequate safety equipment or procedures.

On July 19, 2019, Defendant Avondale removed Plaintiff's suit to this Court, asserting jurisdiction under the Federal Officer Removal Statute. Plaintiff now moves for remand back to state court. Plaintiff argues (1) that Defendant's removal was untimely and (2) that this Court lacks jurisdiction under the Federal Officer Removal Statute. Because the Court ultimately finds that it lacks subject matter jurisdiction over this matter, it does not address Plaintiff's timeliness argument.

## **LEGAL STANDARD**

Generally, a defendant may remove a civil state court action to federal court if the federal court has original jurisdiction over the action.[1] The burden is on the removing party to show "that federal jurisdiction exists and that removal was proper."[2] When determining whether federal jurisdiction exists, courts consider "the claims in the state court petition as they existed at the time of removal."[3]

---

[1] 28 U.S.C. § 1441.
[2] Barker v. Hercules Offshore, Inc., 713 F.3d 208, 212 (5th Cir. 2013) (quoting Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 722 (5th Cir. 2002)).
[3] *Manguno*, 276 F.3d at 723.

## LAW AND ANALYSIS

Avondale argues that this Court has jurisdiction under 28 U.S.C. § 1442(a)(1) ("Federal Officer Removal Statute"). Under the statute, an action commenced in state court "that is against or directed to . . . [t]he United States or any agency thereof or any officer (or any person acting under that officer) . . . for or relating to any act under color of such office . . . ." may be removed.[4] Although remand to state court generally is preferable when removal jurisdiction is questionable, courts must broadly construe the Federal Officer Removal Statute, interpreting it liberally to support federal jurisdiction when appropriate.[5] Nevertheless, the statute's scope is "not limitless."[6] To remove this matter pursuant to the Federal Officer Removal Statute under current Fifth Circuit law, Avondale must show: "(1) that it is a person within the meaning of the statute, (2) that it has 'a colorable federal defense,' (3) that it 'acted pursuant to a federal officer's directions,' and (4) 'that a causal nexus exists between [its] actions under color of federal office and the plaintiff's claims.'"[7] The removing defendant must satisfy all four elements.[8] Thus, if any one element is lacking, remand to state court is justified.

Plaintiff argues that Defendant cannot satisfy the causal nexus element of the Federal Officer Removal Statute. The casual nexus element requires a defendant to show that there exists a causal nexus between its actions under

---

[4] 28 U.S.C. § 1442(a)(1) (emphasis added).

[5] *See* Savoie v. Huntington Ingalls, Inc., 817 F.3d 457, 460–61 (5th Cir. 2016) (citing Watson v. Philip Morris Cos., 551 U.S. 142, 147 (2007)).

[6] *Watson*, 551 U.S. at 147.

[7] Legendre v. Huntington Ingalls, Inc., 885 F.3d 398, 400 (5th Cir. 2018) (quoting Zeringue v. Crane Co., 846 F.3d 785, 789 (5th Cir. 2017)).

[8] *See Legendre*, 885 F.3d at 400.

the direction of the federal government and the conduct underlying the plaintiff's claim in the suit.[9] Plaintiff brings suit against Avondale for its failure to warn him about asbestos hazards and provide adequate safety equipment and procedures. He argues that Avondale cannot show that the government had any control over its safety procedures or its obligation to warn of the dangers of asbestos.

This case is but one of numerous others in which Avondale has attempted removal under the Federal Officer Removal Statute, and therefore there exists a plethora of Fifth Circuit cases interpreting the statute's causal nexus requirement.[10] Current Fifth Circuit law is clear that when the plaintiff's claim is for negligent failure to warn, train, and adopt safety procedures regarding asbestos, "removal . . . [is] inappropriate because the nexus requirement is not met."[11] Courts have found that although the government required Avondale to use asbestos-containing material, Avondale was still free to adopt safety measures to protect its employees when handling the dangerous materials.[12]

---

[9] *See* Melancon v. Lamorak Ins. Co., No. 18-30113, 2018 WL 3612543, at *1 (5th Cir. July 26, 2018) (citing *Zeringue*, 846 F.3d at 789).

[10] *See, e.g.*, *Legendre*, 885 F.3d at 398; *Melancon*, 2018 WL 3612543, at *1 ("This case is the latest in an ever-increasing line of cases brought by former Huntington Ingalls employees or their family members in state court alleging asbestos exposure."); *Savoie*, 817 F.3d at 459.

[11] *Melancon*, 2018 WL 3612543, at *2 (citing *Legendre*, 885 F.3d at 402).

[12] *See, e.g.*, Latiolais v. Huntington Ingalls, Inc., 918 F.3d 406, 410 (5th Cir. 2019), *reh'g en banc granted*, 923 F.3d 427 (5th Cir. 2019) ("Avondale's evidence has not changed since *Legendre*. Although the government contractually required Avondale to use asbestos in refurbishing the Navy vessels, Avondale once again 'makes no showing that it was not free to adopt the safety measures the plaintiffs now allege would have prevented their injuries.' *Legendre*, 885 F.3d at 403 (quotation marks omitted). From all appearances, Navy vessel inspectors at Avondale "neither monitored nor enforced safety regulations' and 'on the job safety during the construction of vessels for the United States government was the responsibility of Avondale Shipyards' safety department.' Avondale points to nothing to rebut

Avondale has not presented this Court with any new evidence to the contrary. Accordingly, Fifth Circuit precedent is clear that Avondale cannot satisfy the causal nexus element of the removal statute by merely alleging that contractual provisions required it to use asbestos-containing material.[13]

Avondale, however, argues that recent developments in Fifth Circuit case law warrant a different result. Avondale relies on the Fifth Circuit's March 11, 2019 opinion in *Latiolais v. Huntington Ingalls* to support its argument.[14] In *Latiolais*, the Fifth Circuit considered the development of the causal nexus test and noted that earlier panels of the Fifth Circuit had failed to take into consideration a 2011 amendment to the Federal Officer Removal Statute.[15] In 2011, the statute was amended to broaden the basis for removal to actions "for or relating to" a federal act.[16] Despite this amendment, the Fifth Circuit continued to apply the pre-2011 causal nexus test, which then became precedent.[17] In *Latiolais*, the majority expressed its view that the en banc court should reconsider this precedent because it fails to give effect to the words

---

this evidence. As the district court concluded, '[b]ased on the evidence produced by both parties, there is nothing to suggest that the Navy, in its official authority, issued any orders, specifications, or directives relating to safety procedures.' Accordingly, Avondale has not shown a causal nexus under analogous exposure facts.").

[13] *See Melancon*, 2018 WL 3612543, at *2 (citing *Legendre*, 885 F.3d at 402). *See also* Templet v. Huntington Ingalls, Inc., 720 F. App'x 726, 727 (5th Cir. 2018) (reaching same result by citing *Legendre*).

[14] *Latiolais*, 918 F.3d 406.

[15] *Id.* at 409 ("This court applied to the post-2011 amended statute the "causal nexus" test articulated for the prior statute. Bartel v. Alcoa S.S. Co., Inc., 805 F.3d 169, 172 (5th Cir. 2015). In *Bartel*, the court quoted the post-2011 statute but adopted the same causal nexus test that pre-dates the new statute.").

[16] *See id.* at 408 ("The federal officer removal statute was amended in 2011 to broaden the basis for removal to federal court of claims brought against officers or agents of the federal government and those working under its direction.").

[17] *Id.* at 409.

"relating to."[18] Despite its misgivings about the current state of the law, the court in *Latiolais* noted that it was bound by the decisions of earlier panels of the Fifth Circuit and therefore applied the causal nexus test as it currently stands.[19] It held that Avondale had failed to establish a causal nexus under the same facts at issue here.[20] Although the en banc court granted a rehearing in *Latiolais,* no opinion has yet issued.[21] Accordingly, this Court too is bound by the decisions of the Fifth Circuit. Avondale cannot establish the requisite causal nexus required by current Fifth Circuit law to support removal under the Federal Officer Removal Statute.

## CONCLUSION

For the foregoing reasons, the Motion is **GRANTED**, and this matter is **REMANDED**.

New Orleans, Louisiana this 10th day of January, 2020.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[18] *Id.* at 412.
[19] *Id.* at 410 ("We are bound by this series of cases.").
[20] *Id.* at 412.
[21] Latiolais v. Huntington Ingalls, Inc., 923 F.3d 427 (5th Cir. 2019).